## JAMES P. CHAPMAN v. CHARLES DEASE.

*Contract for logs—Measure of damages.*

A contract was made for the delivery of logs, the first million feet of which should run 25 per cent to uppers. The purchaser was to make certain advances, which indeed were made in the aggregate, though not in all cases at the times agreed on. The

vendor claimed that by these defaults he was prevented from delivering all the logs he otherwise would, and accordingly sued for the value of a million feet delivered, less the amount of the advances made. It appeared, however, that only 20 per cent of the logs delivered were uppers, and that there was no obligation to furnish more than a million. *Held* that the vendor could only recover, if at all, the contract price for the logs less the difference between their value as they were and what it would have been if they had been of the stipulated quality, and that the purchaser was entitled to interest on advances and to any necessary expense incurred in obtaining delivery of such logs as were actually banked for him.

Error to Saginaw. Submitted June 21. Decided Oct. 15.

ASSUMPSIT.   Defendant brings error.

*Holmes, Collins & Stoddard* for plaintiff in error, cited as to the measure of damages, Benj. Sales, § 765; p. 659, note x; Chitty on Cont., (11th Am. ed.), 1330; 2 Schouler's Pers. Property, 552–4; Sedgwick on Damages, (3d ed.), 295; Field on Damages, § 298; 2 Addison on Contracts, § 588; *Clark v. Moore*, 3 Mich., 55; *Allen v. McKibbin*, 5 Mich., 449; *Hosmer v. Wilson*, 7 Mich., 301; *Wilson v. Wagar*, 26 Mich., 452; *Begole v. McKenzie*, 26 Mich., 470; *Dox v. Dey*, 3 Wend., 356; *McClelland v. Snider*, 18 Ill., 58; *Bacon v. Cobb*, 45 Ill., 56; *Doolittle v. McCullough*, 12 Ohio St., 360; *Cutter v. Powell*, 2 Smiths' Lead. Cas., 1; *Ladue v. Seymour*, 24 Wend., 60; *Grand Rap. & Bay City R. R. v. VanDusen*, 29 Mich., 431.

*Thompson & Tarsney* for defendant in error. Where one who has contracted to furnish logs has been prevented by the other party from fully performing his agreement, he can recover the true value of what he has delivered even though it exceeds the contract price, *Kearney v. Doyle*, 22 Mich., 294; *Wildey v. School Dist.*, 25 Mich., 419; *McQueen v. Gamble*, 33 Mich., 344.

COOLEY, J.  In the report of this case as it appeared in this court before, are given the contract between the

parties, and the facts as they were presented on the former trial. See 34 Mich., 375. A second trial has resulted in a judgment for Dease of $3151.41, and the case again comes up on exceptions.

The claim of Dease was for the value of logs aggregating about a million feet, which it was conceded had been delivered under the contract, and of a small quantity got out but not delivered. Chapman, it was agreed, had advanced to Dease under the contract $7540 in payment from time to time, and though he had sometimes been in default in making payments, the aggregate was all Dease was entitled to as advances on the logs actually delivered. Dease claimed, however, that he was prevented from delivering more by the failure of Chapman to make advances as he had agreed, and that therefore he was at liberty to abandon the contract and sue at once for the value of all the logs received by or got out for Chapman, less the moneys Chapman had advanced. Chapman on the other hand claimed that Dease had been continuously in the wrong, because the logs actually delivered were not contract logs.

Contract logs were logs running twenty-five per cent to uppers. It appears without any dispute or controversy that the logs actually banked and marked by Dease only run about twenty per cent. to uppers. His default, therefore, seems manifest; and upon this ground he would go out of court if Chapman had not from time to time been in default as already stated.

The circuit judge, however, left it to the jury to find that Dease was not in default at all, and instructed them that if his failure to go on and make good the stipulated quality of logs by further deliveries was due to the failure of Chapman to make the advances he had agreed upon, then Dease was chargeable with no breach of the contract. This instruction assumed that Dease was at liberty in his discretion to deliver first a quality of logs not answering the terms of the contract, and to make up the deficiency subsequently.

The circuit judge overlooks the fact that the contract only obligated Dease to deliver 1,000,000 feet of logs: his delivering more was optional with him. When he delivers that quantity, how can it be said that he has kept his agreements thus far, when the logs delivered fall far below the agreed average? He may or may not at his option go farther; and however it may have been as to any smaller quantity, there can be no question that when he delivers all he could have been required to deliver, he must show that in quality they comply with the contract, or he is in default. This is so in reason, and it is so also by the express terms of the contract itself, which requires the first million feet of logs to be contract logs. They are not contract logs if they are not of the quality agreed. Had these been all deliverable at one time, and been tendered, it is plain that Chapman would not have been bound to receive them, for this very reason, that they did not comply with the contract.

Dease was then in default, and his recovery—if he is entitled to recover—must be measured with that fact conceded. He can recover no more than the contract price for the logs, and from this must be deducted the difference between the value as they were, and what it would have been had the quality been as agreed. Chapman may also be entitled to interest on advances, as shown by the opinion on the previous record, and also to any expense he may necessarily have incurred in obtaining delivery of such logs as were actually banked for him but not delivered. The case must go back for a new trial, and Chapman must recover his costs of this court.

The other Justices concurred.